On the Merits.
By the WHOLE COURT.
ST. PAUL, J.
Plaintiff, above named, and' two others severally sue for damages, the *901 first for the death of her husband, the others for personal injuries to themselves, growing out of a wagon in which they were riding having been run into by one of defendant’s trains through the alleged negligence of those in charge of said train.
I.
The negligence originally charged was that the train gave no warning of its approach, i. e., sounded neither whistle nor bell as it approached the crossing. But the evidence .is overwhelming that the whistle was sounded at the usual place, about 1,200 feet from the crossing, and that the bell was rung continuously from thence to the crossing; and the only reason why the occupants of the Wagon did not hear it was the noise made by the wagon as it drove rapidly over the gravel road, and the talk and laughter of the occupants thereof, who were a party of ten on their way to a circus.
II.
[3] It was also claimed that the train was running at an excessive rate of speed; but the evidence shows that the speed did not exceed 25 miles per hour, and the accident occurred at a crossing in the open country some two miles outside of the limits of the city of Alexandria. Such speed was not excessive. In the open country any rate of speed consistent with the safety of train was proper and legitimate. Houston v. V., S. & P. Ry. Co., 39 La. Ann. 796, 2 South. 562.
III.
[4] It is claimed that there was a station just before the crossing at which trains were in the habit of stopping, and at which this train should have stopped before going over the crossing; thereby avoiding the accident.
But the evidence shows that this station had been abandoned more than six weeks before the accident; that it was only a flag station; that not all passenger trains, and no freight trains at all, stopped there at any time. And finally, we know of no law, or regulation, or reason in common sense, why a railroad company should be obliged to stop all or any of its trains at all stations on the line of its roads.
IV.
[5] In brief and argument counsel for appellants urge that the engineer, when he saw the wagon emerge from behind some growing corn about- 50 feet from the track, and continue without stopping, should have again sounded his whistle to warn the driver, who, apparently was paying no heed to the approaching train.
The answer to this is that the train was about 150 feet from the crossing when the engineer first saw the wagon and realized that an accident was imminent; whereupon he immediately shut off steam and applied the emergency breaks in the hope of reducing the speed of the train and allowing the wagon to get over the crossing.
It is true perhaps, that had the engineer blown the whistle instead of applying the brakes (for he could not do both), he might have attracted the attention of the driver. But the fact of the matter is that he was obliged to think and act quickly, and in the emergency did that which then appeared to him as the best thing to do. An error of judgment (if error it was) was no fault on his part under the circumstances.
The trial judge found no fault in the defendants, nor do we.
Decree.
The judgment appealed from is therefore affirmed.
OVERTON, J., recused.
O’NIBLL, J., being absent from the state, takes no part in the decision of this case.